

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00819-CR

Rafael Reyes **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR7442
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  January 15, 2014

AFFIRMED

Appellant, Rafael Reyes Smith, pled no contest to murder.  On appeal, appellant contends the trial court erred when it denied his motion to suppress his statements to police in violation of the United States Constitution, Texas Constitution, and Article 15.17 of the Texas Code of Criminal Procedure.  Because appellant did not unambiguously and unequivocally invoke his right to counsel, we affirm the trial court's denial of his motion to suppress.

**STANDARD OF REVIEW**

An appellate court must view the evidence in the light most favorable to the trial court's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011) (citing *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997)). We review the trial court's factual findings for an abuse of discretion and the application of those facts to the law *de novo*. *Id*. The trial court's ruling will be upheld unless it was so arbitrary as to be outside the zone of reasonable disagreement. *Id.*

**ANALYSIS**

Appellant argues the trial court erred by denying his motion to suppress because his statements to police occurred after invoking his right to counsel. Liberally construing appellant's brief, he appears to be asserting two arguments: (1) he invoked his right to counsel during his Article 15.17 hearing which also invoked his right to counsel for his subsequent interrogation, and (2) he unambiguously invoked his right to counsel during his interrogation.

**1. Request During Article 15.17 Hearing**

Appellant requested and was appointed an attorney at his Article 15.17 hearing. However, the Court of Criminal Appeals recently determined that a request for court-appointed counsel during an Article 15.17 hearing does not invoke the right to counsel for a subsequent police interrogation in *Pecina v. State*. There, the Court discussed the difference between the Fifth and Sixth Amendment rights to counsel after the United States Supreme Court's decision in *Montejo v. Louisiana*. *Pecina v. State*, 361 S.W.3d 68, 73 (Tex. Crim. App. 2012). While in the hospital, Pecina was arrested for killing his wife. *Id.* at 71. After police obtained an arrest warrant, a magistrate was taken to his hospital room where Pecina was arraigned pursuant to Article 15.17. *Id.* at 72. During the Article 15.17 hearing, Pecina requested a court-appointed attorney. *Id.* The

magistrate then asked if Pecina wished to speak with police officers waiting outside, and Pecina responded that he did. *Id*. Prior to speaking with the detectives, the officers advised Pecina of his *Miranda* rights, and Pecina waived them. *Id*.

Pecina later sought to have the trial court suppress the statements he gave to the officers. The Court determined Pecina waived his Fifth and Sixth Amendment rights to counsel—after asking for a court-appointed attorney at an Article 15.17 hearing—because he "never invoked his right to interrogation counsel after police gave him *Miranda* warnings." *Id.* at 71. The *Pecina* court analyzed *Montejo* and summarized its application by stating:

> Distilled to its essence, *Montejo* means that a defendant's invocation of his right to counsel at his Article 15.17 hearing says nothing about his possible invocation of his right to counsel during later police-initiated custodial interrogation. The [Article 15.17] magistration hearing is not an interrogation event. An uncharged suspect may invoke his Fifth Amendment right to counsel (and a defendant who has been arraigned may invoke his Sixth Amendment right to counsel) for purposes of custodial interrogation when the police or other law-enforcement agents approach him and give him his *Miranda* warnings. That is the time and place to either invoke or waive the right to counsel for purposes of police questioning.

*Id*. at 78. In accordance with *Montejo* and *Pecina*, we conclude appellant's invocation of his right to counsel at his Article 15.17 hearing did not invoke his right to counsel for his subsequent interrogation.

## 2. Request During Interrogation

Appellant also argues he unambiguously invoked his right to counsel during his interrogation. Appellant does not challenge the voluntariness of his statements. He argues only that his statements were obtained after he invoked his right to counsel.

Once a suspect invokes his right to counsel, all interrogation must stop until an attorney is provided, or until the suspect reinitiates conversation. *Edwards v. Arizona*, 451 U.S 477, 484–85 (1981); *Miranda v. Arizona*, 384 U.S. 436, 474 (1966). However, a suspect must unambiguously and unequivocally invoke his right to counsel "sufficiently clearly that a reasonable officer in the

circumstances would understand the statement to be a request for an attorney." *Davis v. United States*, 512 U.S. 452, 459 (1994) (requiring no cessation of questioning if suspect "*might* be invoking the right to counsel"); *Dinkins v. State*, 894 S.W.2d 330, 351–52 (Tex. Crim. App. 1995). In deciding whether an accused "actually invoked his right to counsel," we use an objective standard "[t]o avoid difficulties of proof and to provide guidance to officers conducting interrogations . . . ." *Davis*, 512 U.S. at 458–59; *Pecina*, 361 S.W.3d at 79. We review the totality of the circumstances from the viewpoint of an objectively reasonable police officer conducting the interrogation. *Pecina*, 361 S.W.3d at 79. "[T]he mere mention of the word 'attorney' or 'lawyer' without more, does not automatically invoke the right to counsel." *Dinkins*, 894 S.W.2d at 351.

During the motion to suppress hearing, the State introduced a video recording of appellant's interrogation. The video recording shows appellant was read his *Miranda* rights prior to police initiating questioning. The interrogating officers asked appellant if he understood his rights, and appellant responded, "No, because you don't have my lawyer here." The officers acknowledged appellant's statement, then further inquired whether appellant understood what was just read to him. Appellant responded that he understood what was read to him, but asked, "Why is my lawyer not here?" The officers advised appellant that if he wanted to have his lawyer present, that was his choice.

Over the next several minutes, appellant asks the officers why it took such a long time to interrogate him and can be heard expressing concerns over his personal safety due to fear of retaliation from the victim's family or friends because they "don't even know the real story." The officers then asked appellant to tell his side of the story. Appellant responded that he was scared to speak with the officers because his lawyer told him that he should be present if appellant spoke to the police. The officers told appellant they were trying to uncover the facts, and in their experience, appellant's lawyer would tell him not to answer any questions. The officers then stated

they wanted to make it clear that if appellant wanted his attorney present, the officers could not speak with him.

Appellant did not affirmatively respond to the officers. Instead, he began reciting his version of events. At this point, the officers interrupted appellant and the following exchange occurred:

> Q (officer): We need to be sure that we have an understanding. You're willing to talk to us without your attorney here? (Pause) That needs to be perfectly clear bro.
>
> A (appellant): I'm willing to tell you, on my behalf . . .
>
> Q: Your side of the story. I got you.
>
> A: About me not killing anybody.
>
> Q: Okay look. Yes or no? Are you willing to talk to us without your attorney here? Plain and simple man.
>
> A: I will, without him here, I will tell you that I didn't kill anybody.
>
> Q: What happened? Start from the beginning. How did everything happen that day?

Appellant then explained the shooting occurred due to a "drug deal gone bad." After speaking with the officers for approximately thirty minutes, appellant terminated the interview.

Here, appellant did not unequivocally request to have his attorney present. *See, e.g.*, *Davis*, 512 U.S. at 462 ("Maybe I should talk to a lawyer."); *Davis v. State*, 313 S.W.3d 317, 341 (Tex. Crim. App. 2010) ("I should have an attorney."); *Mbugua v. State*, 312 S.W.3d 657, 665 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) ("Can I wait until my lawyer gets here?"); *Saldana v. State*, 59 S.W.3d 703, 710–11 (Tex. App.—Austin 2001, no pet.) ("If I wanted a lawyer, where would a lawyer come from . . . I ain't got no money for a damn lawyer. I mean I got a lawyer, but—it's too expensive."); *Flores v. State*, 30 S.W.3d 29, 33–34 (Tex. App.—San Antonio 2000, pet. ref'd) ("Should I be answering these questions without my lawyer?"); *Cooper v. State*, 961 S.W.2d 222, 226 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) ("Where is my layer? Where

is he?").  The officers also asked appellant several clarifying questions in an attempt to ascertain whether appellant desired his attorney be present.  *See Davis*, 512 U.S. at 461–62 ("If the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him.").  Considering the totality of the circumstances from the viewpoint of an objectively reasonable officer, we conclude appellant did not sufficiently articulate his desire to have counsel present so that a reasonable police officer would understand the statement to be a request for an attorney.

## CONCLUSION

We conclude the trial court did not err in denying appellant's motion to suppress, and we affirm the trial court's order denying appellant's motion to suppress.

Sandee Bryan Marion, Justice

Do not publish